IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY SHARP**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. **11-cv-483-MJR** |
| | ) |
| **INTERNATIONAL COMFORT** | ) |
| **PRODUCTS, CORP.**, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON**
**THRESHOLD JURISDICTIONAL REVIEW**

**REAGAN, District Judge:**

On June 8, 2011, International Comfort Products, LLC, removed this case to this United States District Court, from the Circuit Court for the First Judicial Circuit, in Williamson County, Illinois. Subject matter jurisdiction is premised upon 28 U.S.C. § 1332(a)(1), based on complete diversity of citizenship of the parties and an amount in controversy exceeding $75,000. This Court's first task is to verify that subject matter jurisdiction lies. ***See, e.g., Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010); *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007).** The removing party has the burden of proof as to the existence of federal jurisdiction. ***Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).**

As a preliminary matter, International Comfort Products, LLC, observes that the complaint misidentifies it as a corporation. According to the Notice of Removal (Doc. 4):

> International Comfort Products, LLC was and is a Delaware corporation with its principal place of business in Tennessee. Thus, for jurisdictional purposes, defendant was and is a citizen of the State of Tennessee.

1

For purposes of evaluating diversity jurisdiction, corporations are citizens both of the state of incorporation and the state in which the corporation has its principal place of business; the citizenship of a limited liability company, however, is the citizenship of each of its members. ***Wise v. Wachovia Securities, LLC,* 450 F.3d 265, 267 (7th Cir. 2006).** The current description of the citizenship of International Comfort Products, LLC, is muddled and must be clarified using clear and consistent terms.

The citizenship of Plaintiff Terry Sharp is also unclear. The Notice of Removal asserts that Terry Sharp is a citizen of the State of Illinois. However, the complaint indicates only that Terry Sharp "resides" and is "doing business in" the State of Illinois. Thus, the citizenship of Terry Sharp must also be clarified using clear and consistent terms.

With respect to the amount in controversy, the Notice of Removal indicates that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Each of the claims in the complaint seeks damages "in excess of $50,000."[1] No disclaimer has been filed, thereby leaving open the possibility of damages over $75,000. In addition to compensatory damages, punitive damages are sought and are available under Illinois law when torts are committed with "fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *See generally Lawlor v. North American Corp. Of Illinois*, __ N.E.2d __, 2011 WL 1205479 at *14 (Ill.App. 1st Dist. March 24, 2011). Thus, punitive damages are apparently available on at least Count I, a claim

---

[1] It appears that pages of the complaint are missing. The complaint filed with the Court appears to be missing page 3, and the numbered paragraphs jump from paragraph 14 to paragraph 16, and from paragraph 17 to paragraph 10, and from paragraph 13 to paragraph 10. Which party is responsible for this problem is not clear.

for common law fraud.

Assuming that Plaintiff's actual damages are, as claimed, at least $50,000, an award of punitive damages in an amount equal to or even substantially less than the compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold sum for diversity purposes. *See Anthony v. Security Pac. Fin. Servs., Inc.,* 75 F.3d 311, 317-18 (7th Cir.1996) (an award of punitive damages in a ratio of two to three times a plaintiff's actual damages may properly be reckoned into the jurisdictional amount for purposes of federal diversity jurisdiction). *Cf. Smith v. American Gen. Life & Accident Ins. Co.,* 337 F.3d 888, 895-96 (7th Cir.2003) (holding that the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive damages in a ratio to actual damages of 29 to 1). Therefore, the amount in controversy satisfies Section 1332(a)(1).

**IT IS THEREFORE ORDERED** that on or before **June 24, 2011**, International Comfort Products, LLC, shall file an Amended Notice of Removal that conforms with 28 U.S.C. § 1332(a)(1), clearly stating the citizenship of each and every party to this litigation. Failure to file a legally proper Amended Notice of Removal as ordered will result in this action being remanded to state court. Defendant International Comfort Products, LLC, should also ensure that the complaint filed in this federal case is an accurate and complete copy of what was originally filed in state court.

**IT IS SO ORDERED.**

**DATED: June 10, 2011**

                                           **s/ *Michael J. Reagan***
                                           **MICHAEL J. REAGAN**
                                           **UNITED STATES DISTRICT JUDGE**